UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEFINA MARTINEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of the<br>Social Security Administration,<br><br>        Defendant. | Case No. ED CV 14-1470-PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Plaintiff appeals a decision by Defendant Social Security Administration ("the Agency"), denying her application for Disability Insurance Benefits ("DIB"). She claims that the Administrative Law Judge ("ALJ") erred when she concluded that Plaintiff was not credible and when she rejected the treating doctors' opinions that Plaintiff was disabled. For the following reasons, the case is remanded to the Agency for further proceedings.

## II. SUMMARY OF PROCEEDINGS

In May 2011, Plaintiff applied for DIB, alleging that she had been disabled since October 2007, due to depression, diabetes, high blood pressure, vertigo, hearing loss, and pain. (Administrative

Record ("AR") 59-65, 163-65, 220.) Her application was denied initially and on reconsideration and she requested and was granted a hearing before an ALJ. (AR 117.) In November 2012, she appeared with counsel and testified at the hearing. (AR 50-69.) Thereafter, the ALJ issued a decision denying benefits. (AR 24-41.) Plaintiff appealed to the Appeals Council, which denied review. (AR 1-3.) She then filed this action.

## III. ANALYSIS

### A. The Credibility Determination

Plaintiff testified that she was unable to work due to depression and pain, particularly in her wrists, shoulder, neck, and back. (AR 59-65.) According to Plaintiff, these ailments allowed her to do some minimal tasks around the house but forced her to spend most of the day sitting or lying on her couch watching TV, leaving the house only occasionally to go to the store or to run an errand. (AR 55-58, 64.) The ALJ found that Plaintiff's testimony was not believable because: (1) it was inconsistent with her daily activities; (2) she claimed that she could not speak English even though she could; (3) she failed to take prescribed medications; (3) her treatment had been conservative, as evidenced by the fact that she had never been hospitalized for any of her conditions; and (4) the objective medical evidence did not support her testimony. (AR 30-31.) For the following reasons, the Court remands this issue to the Agency for further consideration.

ALJs are tasked with judging a claimant's credibility. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In doing so, they can rely on ordinary credibility techniques. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). Where there is no evidence of

malingering, however, they can only reject a claimant's testimony for specific, clear, and convincing reasons that are supported by substantial evidence in the record. *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014).

Plaintiff testified that she spent "maybe almost all day long" sitting or lying on her couch watching TV. (AR 57, 64.) Though she admitted that she was able to perform some household chores, like using the microwave to make meals, putting dishes away, and going to the grocery store once a week, it is clear from her testimony that most of her waking hours were spent on her couch watching TV. (AR 57.) The ALJ concluded that Plaintiff's testimony demonstrated "a somewhat normal level of daily activity and interaction" and supported a finding that Plaintiff was not credible when she testified that she suffered from debilitating pain. (AR 30.)

Though the ALJ was justified in considering Plaintiff's daily activities in assessing her testimony, the activities she outlined do not undermine her testimony that she was unable to work. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (rejecting ALJ's reliance on claimant's daily activities where they did not contradict his testimony that he could not work). Nor can it be fairly said that Plaintiff's ability to watch TV all day would transfer to the workplace. *Id.* Thus, the ALJ's questioning of Plaintiff's testimony based on her daily activities is rejected.

So, too, is the ALJ's finding that Plaintiff's testimony that she sometimes spoke English with her children contradicted her testimony that she could not speak English. (AR 30.) A fair reading of the record, including Plaintiff's testimony, establishes that she speaks little English. She used a translator for her doctors' appointments

and to testify at the hearing. And, though she testified that she occasionally speaks simple English to her children, like telling them that she loves them and copying short phrases on notes to them (AR 52), nothing in her testimony or the record establishes that she could speak English and that she was lying when she said that she could not.

The ALJ also questioned Plaintiff's testimony of debilitating symptoms because the record disclosed that she failed to take her medications sometimes. (AR 30.) This is a valid reason for questioning claimant's testimony and it is supported by the record. *See Orn*, 495 F.3d at 638 (explaining ALJ may consider claimant's failure to follow prescribed course of treatment in evaluating testimony about severity of pain). There are numerous notes in the medical records documenting that Plaintiff admitted to medical personnel that she had not taken her medications, sometimes for months at a time. (AR 278, 293.) Though she testified that the Vicodin she had been prescribed upset her stomach (AR 60)--which explains why she stopped taking that--she failed to explain why she did not take her diabetes and depression medications, both of which reportedly helped her and, apparently, did not cause any adverse side effects.

The ALJ also relied on the fact that Plaintiff had not been hospitalized for her depression and pain in concluding that she was not being truthful. (AR 30.) The ALJ was authorized to consider Plaintiff's treatment in evaluating her testimony. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039-40 (9th Cir. 2008) (explaining ALJ may consider the fact that claimant was treated conservatively when evaluating claims of disabling pain). There is nothing in the record, however, that shows that hospitalization was warranted for her physical or psychological ailments or that it would have helped

4

alleviate them.  Certainly, none of her treating doctors recommended hospitalization, despite the fact that, as noted by the ALJ, they accepted her accounts of disabling pain and depression.  Thus, the Court is hard pressed to rely on this reason for discounting Plaintiff's testimony.

Finally, the ALJ rejected Plaintiff's testimony because it was not supported by the objective medical evidence.  (AR 30.)  This, too, is a valid reason for questioning a claimant's testimony.  *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) ("While subjective pain testimony cannot be rejected on the sole ground that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects.").  The ALJ noted, for instance, that the consulting psychiatrists reported generally benign findings and the Global Assessment of Functioning scores suggested only moderate impairment.  (AR 30.)  But the ALJ did not adequately explain why other objective evidence, which supported Plaintiff's claims that she suffered from depression and anxiety, should be ignored.  (AR 723-24, 771-91, 823-30.)  To the extent that the ALJ summarily dismissed such evidence because it was generated in connection with Plaintiff's worker's compensation case--which caused the ALJ to view it with skepticism (AR 31)--that finding is rejected out of hand.  An ALJ cannot presume that medical evidence from a claimant's doctor in connection with a worker's compensation claim is suspect because it was created for the worker's compensation case. *See, e.g., Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1995) (holding ALJ "may not assume that doctors routinely lie in order to help patients collect disability benefits" (quoting *Ratto v. Secretary*, 839

F. Supp. 1415, 1426 (D. Or. 1993))); *Booth v. Barnhart*, 181 F. Supp.2d 1099, 1105 (C.D. Cal. 2002) ("[T]he ALJ may not disregard a physician's medical opinion simply because it was initially elicited in a state workers' compensation proceeding[.]").

As to Plaintiff's physical maladies, the ALJ did not suggest which records undermined her testimony. This lack of specificity is fatal to this finding. *See, e.g.*, *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883-85 (9th Cir. 2006) (explaining ALJ's conclusion that claimant's testimony "was 'not consistent with or supported by the overall medical evidence of record'" did not constitute a "meaningful explanation" for the court to assess); *Embrey v. Bowen*, 849 F.2d 418, 423 (9th Cir. 1988) (holding ALJ's finding that the "'totality of the evidence of record does not substantiate the claimant's allegations'" "does not achieve the level of specificity" required to disregard claimant's excess pain testimony).

In the end, the Court concludes that the ALJ failed to provide specific, clear, and convincing reasons for discounting Plaintiff's testimony. For that reason, the credibility determination is reversed and the issue is remanded for further consideration.

B.  <u>The Medical Evidence</u>

Plaintiff's treating doctors concluded that she suffered from severe pain and depression, which rendered her incapable of working. The consulting doctors disagreed. They concluded, essentially, that, though Plaintiff did have some physical and psychological impairments, she could work. The ALJ accepted the consulting doctors' opinions. (AR 31-38.) Plaintiff complains that the ALJ erred in doing so. For the following reasons, the Court remands this issue, too.

The ALJ cited several reasons for discounting the treating doctors' opinions. She noted that those opinions were largely dependent on Plaintiff's statements, which the ALJ had rejected. (AR 36.) In light of the fact that the Court has reversed and remanded the ALJ's credibility finding, the Court will remand this issue as well so that the ALJ can reconsider it if necessary after addressing the credibility issue.

In doing so, the Court notes that it appears that another reason the ALJ discounted the treating doctors' opinions was because they were prepared in connection with Plaintiff's worker's compensation case, which the ALJ believed caused them to be viewed with suspicion. (AR 31.) As the Court has explained, however, the ALJ should not have discounted this evidence for that reason. In reconsidering the medical evidence on remand, the ALJ should not discount the doctors' opinions that were generated in the context of the worker's compensation case merely because they were generated in connection with that case.

The Court recognizes that the ALJ had other reasons for discounting the treating doctors' medical opinions, but they do not appear to have carried the same significance to the ALJ as the credibility issue and the worker's compensation issue. For that reason, the Court need not address them here. On remand, the ALJ should take another look at the medical evidence and determine which doctors should be relied on and explain why.

Case 5:14-cv-01470-PJW Document 16 Filed 03/16/16 Page 8 of 8 Page ID #:1079

IV. CONCLUSION

For these reasons, the Agency's decision is reversed and the case is remanded for further consideration.

IT IS SO ORDERED.

DATED: March 16, 2016

_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-Social Security\MARTINEZ, J 1470\Memo Opinion and Order.wpd